*795 ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
This disciplinary matter arises from one count of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Robert W. Stratton, an attorney licensed to practice law in Louisiana.
UNDERLYING FACTS
Beginning in January 1990, attorneys Dennis Weber and Philip Dugas leased office space from respondent', who practiced' law in a building he owned in Baton Rouge. Each attorney agreed to pay one-third of the office expenses, including the cost of a secretary. In February 1990, Ann Purvis, who had worked for respondent previously, was employed to do secretarial work for all three attorneys. In September 1991, Mr. Weber and Mr. Dugas relocated their law offices and terminated their lease and expense-sharing arrangement with respondent. On September 30, 1991, Mrs. Purvis resigned her position with respondent and went to work for Mr. Weber and Mr. Dugas.
On July 20, 1992, respondent filed suit against Mrs. Purvis, claiming that she intentionally interfered with his contractual relationship with Mr. Weber and Mr. Dugas. Robert W. Stratton, APLC v. Ann C. Purvis, No. 385,406 on the docket of the 19th Judicial District Court for the Parish of East Baton Rouge.[1] Respondent alleged that Mrs. Purvis’ conduct was the cause of the dissolution of his lease and expense-sharing arrangement with Mr. Weber and Mr. Dugas. On July 2, 1993, the trial court granted a motion for summary judgment filed by Mrs. Purvis and dismissed respondent’s suit. The trial court’s judgment was affirmed on appeal, and writs were denied by this court. Robert W. Stratton, APLC v. Ann C. Purvis, 94-0022 (La.App. 1st Cir.6/23/95), 658 So.2d 843 (not designated for publication), writ denied, 95-1875 (La.11/3/95), 661 So.2d 1385.[2]
*796 On December 13, 1995, after the judgment in respondent’s suit against her became final, Mrs. Purvis filed suit against respondent for malicious prosecution. She later amended her petition to allege the intentional infliction of emotional distress. Ann C. Purvis v. Robert W. Stratton, APLC and Robert W. Stratton, No. 423,-166 on the docket of the 19th Judicial District Court for the Parish of East Baton Rouge. After protracted pre-trial maneuvering, the ease was finally tried over three days in February 1999. The jury returned a verdict in Mrs. Purvis’ favor, awarding $100,000 in general damages and $25,000 in attorney’s fees on the malicious prosecution claim, and $90,000 for respondent’s intentional infliction of emotional distress, for a total of $215,000. The jury award was affirmed on appeal, and writs were denied by this court. Ann C. Purvis v. Robert W. Stratton, APLC and Robert W. Stratton, 99-1594 (La.App. 1st Cir.6/23/00) (not designated for publication), writ denied, 00-2659 (La.11/17/00), 774 So.2d 980.
In February 2001, respondent filed for Chapter 13 bankruptcy protection. Mrs. Purvis’ claim • against respondent in the bankruptcy proceeding totaled more than $419,000. As of mid-2002, respondent had paid, approximately $159,000 of this amount, leaving some $260,000 still due to Mrs. Purvis.
DISCIPLINARY PROCEEDINGS
On March 26, 2001, the ODC filed one count of formal charges against respondent, alleging that his conduct violated the following provisions of the Louisiana Rules of Professional Conduct: Rules 3.1 (meritorious claims and contentions), 4.4 (respect for rights of third persons), 8.4(a) (violation of the Rules of Professional Conduct), and 8.4(d) (engaging in conduct prejudicial to the administration of justice).
Respondent answered the formal charges and generally admitted the factual allegations set forth therein. The matter then proceeded to a formal hearing on the merits, which was conducted by the hearing committee on June 25, 2002.

_J¿Hearing Committee Recommendation

After reviewing the evidence presented at the hearing, the hearing committee found that respondent used his position as an attorney in an abusive manner “to seek some sort of satisfaction from his secretary *797 and one of his tenants.” The committee rejected respondent’s suggestion in his testimony at the formal hearing that he was simply trying to recover “a financial loss” caused by Mrs. Purvis, noting that the numerous pleadings in the various suits filed by respondent belie that assertion. Furthermore, once a judgment was rendered against respondent, he continued his legal battle by seeking to annul previous rulings in other cases and sought the protection of the bankruptcy court.
Based on these factual findings, the committee determined that respondent pursued claims against Mrs. Purvis and Mr. Weber with no good faith basis for doing so. Rather, these meritless claims were solely intended to burden third persons, especially Mrs. Purvis.[3] The committee concluded that respondent’s conduct in these matters violated Rules 3.1 and 4.4 of the Rules of Professional Conduct, and was prejudicial to the administration of justice in violation of Rules 8.4(a) and (d).
As aggravating circumstances, the committee recognized “the tenacity with which Respondent pursued his claims which were apparently baseless from the beginning,” and respondent’s personal and emotional problems. The committee also observed that Mrs. Purvis was harmed by ten years of litigation. In mitigation, the committee recognized that respondent has no prior disciplinary record.
| r,Considering these factors, as well as the prior jurisprudence of this court involving similar misconduct,[4] the committee recommended that respondent be suspended from the practice of law for three years.
The ODC filed an objection to the hearing committee’s recommendation, seeking the imposition of disbarment; respondent objected to the committee’s recommendation and argued that the appropriate sanction is a one-year suspension with probation.

Disciplinary Board Recommendation

After reviewing the record of this matter, the disciplinary board found the hearing committee’s findings of fact are not manifestly erroneous, and that the committee correctly applied the Rules of Professional Conduct. Respondent knowingly violated duties owed to the legal system by pursuing meritless claims for the purpose of harassing Mrs. Purvis and Mr. Weber. Mrs. Purvis was harmed to the extent that she was involved in protracted litigation, and the legal system was burdened with frivolous claims.
The board found the record supports the following mitigating factors: absence of a *798 prior disciplinary record, a cooperative attitude toward the disciplinary proceedings, imposition of other penalties or sanctions, and remorse. The board also | (¡noted in mitigation that respondent is paying Mrs. Purvis from his own funds (as opposed to a collateral source such as insurance) and that he has sold his home and rental and vacation properties and deposited the proceeds with the Chapter 13 bankruptcy trustee. The aggravating factors present are selfish motive and substantial experience in the practice of law (admitted 1972).
The board noted that the lawyer in Boy-dell compounded his mishandling of a fee dispute by engaging in harassing and vexatious litigation tactics against his former client. However, respondent herein did not fail to segregate and remit funds owed to a client, and his conduct toward Mrs. Purvis was less egregious than Boydell’s actions toward his client. Furthermore, respondent has no prior discipline, has cooperated with the disciplinary system, and has incurred other substantial sanctions.
Based on this reasoning, the board recommended that respondent be suspended from the practice of law for three years, and that he be assessed with all costs and expenses of these proceedings.
Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
DISCUSSION
Bar disciplinary matters come within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Quaid, 94-1316 (La.11/30/94), 646 So.2d 343; Louisiana State Bar Ass’n v. Boutall, 597 So.2d 444 (La.1992). While we are not bound in any way by the findings and recommendations of the hearing committee and disciplinary board, we have held the manifest error standard inapplicable to the committee’s factual findings. See In re: Caulfield, 96-1401 (La.11/25/96), 683 So.2d 714; In re: Pardue, 93-2865 (La.3/11/94), 633 So.2d 150.
After reviewing the record of this matter, including the voluminous records of the underlying litigation between respondent and his former secretary and tenant, we agree with the hearing committee that respondent did not act in good faith, but rather with the intent to burden third persons, particularly Mrs. Purvis. Respondent’s claims were largely frivolous and were designed to harass Mrs. Purvis for quitting her job. Furthermore, respondent caused Mrs. Purvis significant emotional distress when he engaged in nearly ten years of protracted litigation over what should have been a relatively simple administrative matter.
 Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
Respondent’s actions caused actual and substantial harm to Mrs. Purvis, as well as to the legal system. As we recognized in Boydell, the baseline sanction for *799 the perpetuation of vexatious litigation is disbarment. Nevertheless, the mitigating factors present in this case suggest that it is appropriate to deviate downward to a three-year suspension. Respondent has no prior disciplinary record in more than thirty years of practice, and he has cooperated in the disciplinary process. Additionally, he was |ssubject to other penalties, in the form of the significant award of damages made by the jury to Mrs. Purvis in the malicious prosecution case.
Under the circumstances, we will accept the disciplinary board’s recommendation of discipline.
DECREE
Upon review of the findings and recommendation of the hearing committee and disciplinary board, and considering the record, it is ordered that Robert W. Strat-ton, Louisiana Bar Roll number 11596, be suspended from the practice of law in Louisiana for a period of three years. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. Respondent originally Sled suit in Livingston Parish, but the matter was subsequently transferred to East Baton Rouge Parish pursuant to a joint motion for change of venue.

. In addition to the suit against Mrs. Purvis for tortious interference with a contract, respondent also filed a series of other lawsuits against Mrs. Purvis and/or Mr. Weber, including the following:
On September 30, 1992, respondent filed suit against Mr. Weber for tortious interference with q contract. Robert W. Stratton, APLC v. Dennis C. Weber, No. 385,997 on the docket of the 19th Judicial District Court for the Parish of East Baton Rouge. Respondent voluntarily dismissed this suit in 1993, but a dispute arose thereafter with respect to whether the dismissal was with or without prejudice. In April 1994, the trial court awarded sanctions in favor of Mr-. Weber and against respondent in the amount of $3,500. The court of appeal affirmed the trial court’s judgment and awarded Mr. Weber $1,500 in damages for frivolous appeal; this court denied writs. Robert W. Stratton, APLC v. Dennis C. Weber, 94-1910 (La.App. 1st Cir.6/23/95), 658 So.2d 843 (not designated for publication), writ denied, 95-1874 (La.11/3/95), 661 So.2d 1385.
*796 On September 30, 1992, respondent filed suit against Mrs. Purvis and Mr. Weber, claiming they were liable for the tortious conversion of his computer files. Robert W. Stratton, APLC v. Ann C. Purvis and Dennis C. Weber, No. 385,998 on the docket of the 19th Judicial District Court for the Parish of East Baton Rouge.' Respondent voluntarily dismissed this suit in 1993.
On October 8, 1992, respondent filed suit against Mrs. Purvis for breach of contract, alleging that she did not give him telephone messages and thereby caused him to lose clients. Robert W, Stratton, APLC v. Attn C. Purvis, No. 67,171 on the docket of the 21st Judicial District Court for the Parish of Livingston. This suit has been abandoned by respondent.
On November 19, 1993, respondent filed suit against Mrs. Purvis, for defamation, claiming that in her answer to the original lawsuit she "did cause to be published defamatory and false words,” including allegations that respondent was frequently out of the office and often late in preparing and filing pleadings. Robert W. Stratton, APLC v. Ann C. Purvis, No. 70,076 on the docket of the 21st Judicial District Court for the Parish of Livingston. This suit has been abandoned by respondent.
On November 9, 1996, respondent filed suit against Mrs. Purvis and Mr. Weber, seeking the nullity of various judgments rendered in the earlier cases. Robert W. Stratton, APLC and Robert W. Stratton, Sr. v. Ann C. Purvis and Dennis C. Weber, No. 433,113 on the docket of the 19th Judicial District Court for the Parish of East Baton Rouge.

. The committee felt that respondent was primarily interested in punishing his former employee for exercising her right to leave his employment.

. See In re: Boydell, 00-0086 (La.5/26/00), 760 So.2d 326, and In re: DuBarry, 01-2836 (La.4/12/02), 814 So.2d 1273. Mr. Boydell and Ms. DuBarry were law partners who were sued by a former client in 1986 to recover disputed attorney’s fees. Over the next several years Mr. Boydell and Ms. DuBarry filed innumerable bad faith and meritless motions, reconventional demands, and other pleadings in an effort to harass and intimidate their client and her counsel. In 1992, the trial court awarded the client the disputed attorney’s fees and awarded sanctions against Mr. Boydell and Ms. DuBarry for abuse of process, unethical practices, fraud and conversion, and the intentional infliction of emotional distress. That judgment was affirmed on appeal in 1996. In the disciplinary proceedings that followed thereafter, this court concluded that the baseline sanction for perpetuating vexatious litigation is disbarment. Considering the mitigating factors present in Mr. Boydell’s case, the court suspended him from the practice of law for three years. Ms. DuBarry, who was found to be less culpable for the institution of the vexatious litigation, was suspended for one year.