*670 |,ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Richard B. Cook, an attorney licensed to practice law in Louisiana.
UNDERLYING FACTS
In November 1996, respondent began representing the plaintiffs in a civil matter captioned Evelyn Faye Allen, et al. v. Richard Stalder, et al., No. 95-1118 on the docket of the United States District Court for the Western District of Louisiana, Alexandria Division, Judge F.A. Little, Jr. presiding (hereinafter referred to as “Allen”). The plaintiffs in Allen were a group of female prison inmates who alleged their civil rights were violated as a result of physical and sexual abuse at the hands of their prison guards.
On June 26, 1998, respondent filed a motion in Allen in which he implied that the court had improperly never “permitted representative civil rights plaintiffs to proceed as class representatives.” He also implied that Judge Little had improperly met with and dissuaded a local attorney from enrolling as co-counsel for the plaintiffs.
On December 31, 1998, respondent filed a motion entitled “Plaintiffs Response to the State Defendants’ Motion to Dismiss Certain Plaintiffs.” In this Rmotion, respondent stated that if Judge Little granted the defendants’ motion, then “the courts in the Western District of Louisiana can be reserved almost entirely for wealthy (predominantly white) litigants, and courts and counsel need not be concerned with poor (predominantly black) plaintiffs.” He also claimed that Judge Little compounded the “lack of balance” between the plaintiffs’ resources and the defendants’ resources through his “unwritten orders, his failure to respond to plaintiff motions, [and] his refusal to even place this case on the docket for many months at the outset.” Finally, respondent suggested that this case would not end until “either the plaintiffs prevail or the Court concludes that the rape and abuse of inmates by their guards is perfectly OK.”
On January 11, 1999, respondent filed a motion in which he requested that the following subjects be discussed at a status conference: 1) the delay in placing the Allen case on the docket; 2) reconsideration of the denial of the plaintiffs’ class representation; 3) the failure of the court to place one of the plaintiffs’ motions on the docket; 4) whether the court has ever authorized class representation in civil rights claims; 5) whether there is a consensus in the court to never allow these types of cases to go forward with class representatives; 6) why Judge Little’s unwritten orders have never been put in writing; 7) whether Judge Little met with a local attorney and dissuaded him from enrolling as co-counsel for the plaintiffs; 8) whether Judge Little has ever appointed *671 counsel to represent an incarcerated person who has complained about conditions of confinement; and 9) whether the court as a whole has ever allowed such a plaintiff to get beyond a defendant’s summary judgment or other motion dismissing the complaint.
On January 14, 1999, respondent filed a motion to recuse Judge Little. The basis for his motion was his belief that his clients’ opportunity for a fair trial was “slipping away” due to Judge Little’s conduct in the Allen case as well as in the case |aof Vergie Lee Valley v. Rapides Parish School Board, No. 96-30441 on the docket of the United States District Court for the Western District of Louisiana, Alexandria Division (hereinafter referred to as “Valley”). Respondent alleged that one of the attorneys in the Valley case was Judge Little’s former law partner and the president of an organization that paid for the judge’s overseas trip to speak at its conference while the Valley case was pending before him. Thereafter, the case was settled in favor of this attorney’s client. As such, respondent alleged that “the judge permitted this counsel’s client to benefit from his judicial function.” Furthermore, because of the judge’s alleged conduct in Valley, respondent argued that the judge “has not maintained the necessary firewall between his personal and his judicial relations and ought not hear Constitutional matters.” Regarding the judge’s conduct in Allen, respondent argued that he acted improperly in denying the plaintiffs’ motion for class representation without conducting a hearing, failed to notice one of the plaintiffs’ motions for a hearing, and twice issued oral orders without later putting them in writing. Respondent also accused Judge Little of engaging-in “lax case management” and having an “indifference to propriety.” He also argued that Judge Little “has not met the judicial requirement of an avoidance of impropriety and the appearance of bias and partiality.” Based on these reasons, respondent argued Judge Little should be recused. Judge Little denied the motion to recuse on January 20, 1999, stating that respondent included only vague allegations that did not identify a conflict the judge has with the Allen case.
Respondent also filed a complaint against Judge Little with the United States Court of Appeals for the Fifth Circuit based on the Valley allegations in his motion to recuse. The Fifth Circuit dismissed the complaint on February 2, 1999, stating “[bjecause Judge Little was not acting improperly either in presiding over a suit in | ¿which his former partner appeared as counsel, or in attending the conference, Judge Little is not subject to discipline for the combination of the two.”
On February 10, 1999, Judge Little provided detailed reasons for his denial of respondent’s motion to recuse. Essentially, Judge Little ruled that the motion to recuse was frivolous and cited the Fifth Circuit’s dismissal of respondent’s judicial complaint in support of the denial of the motion.
On February 22, 1999, respondent filed a second complaint against Judge Little with the Fifth Circuit based on Judge Little’s reference to the Fifth Circuit’s dismissal of respondent’s first judicial complaint, thereby publishing the fact that respondent was a judicial complainant. The complaint was also based on an allegation that Judge Little had a financial interest in the building housing his former law firm, one of whose partners was representing a party in a case before Judge Little. The Fifth Circuit dismissed this complaint on May 12, 1999.
In April 1999, respondent filed a second motion to recuse Judge Little in the Allen case. The motion was based on Judge *672 Little making public the fact that respondent had filed a judicial complaint against him with the Fifth Circuit. Judge Little denied the motion on May 6,1999.
Thereafter, in an attempt to further investigate his allegations regarding Judge Little’s improprieties in other cases, including the Valley case, respondent sought to take the deposition of Jan Holloway, the former office manager of Judge Little’s former law firm, Gold, Weems, Bruser, Sues & Rundell (“Gold”), and its real estate partner, 2001 Odyssey Partnership (“Odyssey”). However, neither Gold nor Odyssey were parties to the Allen case; thus, Judge Little quashed the deposition. Respondent also sought to subpoena documents from Gold and Odyssey. Both filed objections to the subpoenas, and United States Magistrate Judge James Kirk, the presiding magistrate in the Allen case, quashed the subpoenas in a ruling dated July 28, 1999. | ^Moreover, Magistrate Judge Kirk indicated that respondent “persists in what can only be described now as a pattern of harassment in an attempt to influence the district judge.”
On February 3, 2000, Judge Little assigned the Allen case to Magistrate Judge Kirk for pretrial preparation. In response, respondent filed a motion to reconsider the assignment to Magistrate Judge Kirk, raising the same arguments as raised in the two motions to recuse and the two judicial complaints against Judge Little. Specifically, respondent stated,
the plaintiffs are unwilling to litigate their legal interests before a Court who has received a valuable gratuity from litigators with matters pending in his court. The plaintiffs are also concerned about the Court’s fairness, because the Court has improperly published a Judicial Complaint and has identified their counsel as Complainant, thus manifesting an inclination to seek to humiliate and coerce their counsel.
Respondent then indicated he may “seek extra-judicial supervision to enforce the appropriate canons of behavior” because the Fifth Circuit was “unable or unwilling to supervise the district judges as to ethical matters.” Judge Little denied the motion to reconsider on February 28, 2000.
On April 4, 2000, after Judge Little and Magistrate Judge Kirk suggested that respondent’s conduct may warrant sanctions, respondent filed a motion seeking a hearing on sanctions. In the motion, respondent reurged his request that Judge Little be recused. He also claimed that Judge Little improperly quashed Ms. Holloway’s deposition and reurged his request to depose her. The motion was referred to Magistrate Judge Kirk, who found the following:
In this case, it appears that plaintiffs attorney’s continued attacks are calculated to provoke the district judge in an effort toward forum shopping. Cook’s attacks appear to be an attempt to influence the result of this case by threats, intimidation and harassment of the district judge. | ((Warnings by the district judge and by the undersigned have not corrected Cook’s behavior.
Accordingly, Magistrate Judge Kirk ordered that respondent be referred to Judge Little for consideration of contempt proceedings, sanctions, and/or referral to the Louisiana Attorney Disciplinary Board. He also ordered that the clerk of court stop accepting from respondent any pleadings concerning matters raised in the motions to recuse or concerning Ms. Holloway’s deposition. Finally, he ordered respondent to learn the Louisiana Rules of Professional Conduct, the Code of Professionalism, and the Code of Professionalism in the Courts adopted by the Louisiana Supreme Court and comply with same in *673 his activities in and pleadings submitted to the United States District Court, Western District of Louisiana, Alexandria Division.
On May 31, 2000, Judge Little issued an order adopting Magistrate Judge Kirk’s ruling and ordered respondent to show cause why he should not be sanctioned. Judge Little sanctioned respondent on June 30, 2000, ordering him to pay $7,500 to the clerk of court and suspending him from practice before the court until he paid the fíne. Respondent paid the fíne in August 2000.
Between October 25, 2000 and March 6, 2001, respondent was ordered three times to show cause why he should not be sanctioned for subsequent failures to comply with deadlines and court orders, including orders to cease raising the same issues for which he was previously sanctioned. Pursuant to those show cause orders, respondent was ordered to pay $1,243.75 and $1,621.75 in attorney’s fees to the defendants on February 22, 2001, fined $2,000 on February 22, 2001, and fined $4,000 on February 26, 2001.
Also on February 26, 2001, respondent filed a motion to recuse Magistrate Judge Kirk, citing his April 25, 2000 order that respondent not interview an inmate incarcerated in Avoyelles Parish, which order respondent claimed was punishment |7for having filed a judicial complaint against Judge Little. Magistrate Judge Kirk denied the motion.
Respondent paid the attorney’s fees, the $2,000 fine, and the $4,000 fine in March 2001. On March 26, 2001, he filed a pleading in which he apologized to the court, explaining that he recognizes his conduct went “beyond the permissible limits of advocacy.” Respondent also filed, under seal, a motion to withdraw as counsel of record for the Allen plaintiffs. Respondent was dismissed as counsel on May 10, 2001.
DISCIPLINARY PROCEEDINGS

Formal Charges

On April 28, 2004, the ODC filed one count of formal charges against respondent, alleging that his conduct violated Rules 3.1 (meritorious claims and contentions), 4.4 (respect for the rights of third persons), 8.4(a) (violation of the Rules of Professional Conduct), and 8.4(d) (engaging in conduct prejudicial to the administration of justice) of the Rules of Professional Conduct. Respondent answered the formal charges, essentially denying the allegations of misconduct.[1]

Formal Hearing

This matter proceeded to a formal hearing on the merits. Respondent participated in the hearing via telephone.
|sBoth respondent and the ODC introduced documentary evidence at the hearing. The ODC called Patricia Bowers (defense counsel in the Allen case),[2] Magistrate Judge Kirk, and Rodney Rabalais *674 (defense counsel in the Allen case)[3] to testify before the committee. Respondent did not testify on his own behalf, nor did the ODC call him to testify.

Hearing Committee Recommendation

After considering this matter, the hearing committee made factual findings as follows:
The first sign of trouble in the Allen case appeared on June 26, 1998 when respondent filed a pleading in which he moved the court to “investigate its own docket and determine whether this Court has ever permitted representative civil rights plaintiffs to proceed as class representatives.” In the same pleading, respondent implied that Judge Little had engaged in efforts to dissuade an attorney from enrolling as co-counsel for the plaintiffs. Respondent made similar insinuations in his response to a court order dated December 30,1998.
Respondent then filed a motion to re-cuse Judge Little, accusing him of partiality in favor of a litigant’s attorney who was a member of Judge Little’s former law firm and, as president of a legal association, arranged for Judge Little to travel |flto Italy to address the association’s meeting. The motion was denied, and in reasons for denying the motion, Judge Little referred to the fact that respondent filed a judicial complaint against him. Respondent then filed another motion to recuse, alleging that Judge Little violated Rule 15 of the Fifth Circuit’s Rules Governing Complaints of Judicial Misconduct or Disability, which mandates that judicial complaints remain confidential.
Judge Little’s relationship with the aforementioned attorney became a topic of intense scrutiny for respondent. On June 29, 1999, Gold objected to respondent’s subpoena for the following records: checks made payable to Judge Little from 1984 to the present; checks made payable to Judge Little’s wife from 1984 to present; and checks made payable to any party, which might benefit Judge Little, his wife, or any of his relatives. Odyssey objected to an identical subpoena. On July 28, 1999, Magistrate Judge Kirk ruled that the requested records in the subpoenas were irrelevant and the subpoenas themselves were harassing.
On July 13, 1999, respondent filed a request that the above objections be transferred to another court for consideration. On July 16, 1999, respondent deposed Ms. Holloway, questioning her about the same matters that were the subjects of the above subpoenas. However, Ms. Holloway’s attorney objected to the taking of the deposition and instructed her not to answer. Thus, during the deposition, the parties called Judge Little to resolve the issue, and Judge Little disallowed any questioning of Ms. Holloway.
In response to Judge Little’s February 3, 2000 order assigning the Allen case to Magistrate Judge Kirk for pretrial preparation, respondent filed a request to refer the case to another district court because the plaintiffs did not want to litigate their issues before a judge who “received a valuable gratuity from litigators with matters pending in his court” and who “improperly published a Judicial Complaint and has | ^identified their counsel as a Complainant, thus manifesting an inclination to seek to humiliate and coerce their counsel.”
*675 In response to respondent’s motions to recuse Judge Little, Magistrate Judge Kirk suggested that their frivolous nature might lead to sanctions. The court did not order sanctions or order respondent to show cause why he should not be sanctioned. However, on his own motion, respondent sought a hearing on sanctions, taking this opportunity to also reiterate his allegations of misconduct against Judge Little and his request to depose Ms. Holloway. In response, Magistrate Judge Kirk listed twenty-eight incidents of respondent’s behavior he felt warranted sanctions. Respondent reacted to this ruling by reiterating his previous allegations against Judge Little.
Respondent never appealed the denial of his clients’ motions to recuse. Instead, he continued to reiterate his allegations against Judge Little and later added allegations against Magistrate Judge Kirk. He also continued to raise the issue of deposing Ms. Holloway. His allegations of misconduct against Judge Little continued up to and including the formal hearing in this matter.
Based on these findings, the hearing committee determined that respondent violated Rules 3.1, 4.4, and 8.4(d) of the Rules of Professional Conduct. Respondent did not pursue the proper review of Judge Little’s rulings through interlocutory appeal. Instead, he continued to pursue the same issues to the point of obsession and in a vexatious manner. Furthermore, despite having notice that Gold and Odyssey, who were not parties to the Allen suit, objected to his subpoenas, respondent attempted to obtain the information through Ms. Holloway’s deposition. Respondent’s conduct as a whole amounted to conduct prejudicial to the administration of justice.
The committee determined that respondent knowingly engaged in disruptive conduct in the Allen case. However, his behavior was not intended to personally Inbenefit himself or his clients. The committee agreed with Ms. Bowers, who felt that respondent believed what he was doing was right but allowed his cause to become a crusade. In mitigation, the committee also placed significant weight on a report of respondent’s psychotherapist, who indicated that respondent’s response to perceived injustices resulted in obsessive behavior, which opinion is consistent with the evidence in the record.
Under these circumstances, the committee recommended that respondent be suspended for three years.
Neither respondent nor the ODC filed an objection to the hearing committee’s recommendation.

Disciplinary Board Recommendation

After reviewing this matter, the disciplinary board determined that the hearing committee’s findings of fact are not manifestly erroneous. The board also determined that respondent violated the Rules of Professional Conduct as alleged in the formal charges. Specifically, the board found that instead of proceeding with interlocutory appeal of the denial of the motion to recuse, respondent continued to “tirelessly” pursue the issue at the district court level without a good faith legal basis to do so. Furthermore, respondent’s pursuit of discovery from third persons not involved in the Allen case was burdensome to these parties. Respondent’s conduct caused undue expense and effort in the federal court proceedings and also caused the defendants to accrue extra expenses.
Based on these findings, the board determined that respondent knowingly, if not intentionally, violated a duty owed to the legal system, causing significant harm to the federal courts as well as Gold, Odyssey, and the defendants in the Allen case. | iaRelying on the ABA’s Standards for Im *676 posing Lawyer Sanctions, the board determined that the baseline sanction is a period of suspension.
As aggravating factors, the board identified a pattern of misconduct and refusal to acknowledge the wrongful nature of the conduct. As mitigating factors, it found the absence of a prior disciplinary record, personal or emotional problems, full and free disclosure to the disciplinary board and a cooperative attitude toward the proceedings, inexperience in the practice of law (admitted 1992), and imposition of other penalties or sanctions.
Turning to the issue of an appropriate sanction, the board looked to this court’s prior jurisprudence and determined that the three-year suspension recommended by the hearing committee is too harsh. Like the attorneys in In re: Zohdy, 04-2361 (La.1/19/05), 892 So.2d 1277; In re: Stratton, 03-3198 (La.4/2/04), 869 So.2d 794; and In re: Boydell, 00-0086 (La.5/26/00), 760 So.2d 326, respondent filed repetitive and unwarranted pleadings in ongoing litigation. Also, like Stratton, respondent’s frivolous and harassing claims and requests for discovery burdened third persons. However, the board found that respondent’s conduct and the resulting harm were not as egregious as that found in the three cited cases. Furthermore, respondent’s conduct spanned approximately three years, which was considerably less than the ten-year spans in Boydell and Stratton. Respondent also did not cause direct harm to his clients as did Zohdy and Boydell. Taking these circumstances into account, as well as the numerous mitigating factors present, the board determined that it is appropriate to defer eighteen months of a three-year suspension.
Accordingly, the board recommended that respondent be suspended from the practice of law for three years, with all but eighteen months deferred.
Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
J^DISCUSSION
Bar disciplinary matters come within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Quaid, 94-1316 (La.11/30/94), 646 So.2d 343; Louisiana State Bar Ass’n v. Boutall, 597 So.2d 444 (La.1992). While we are not bound in any way by the findings and recommendations of the hearing committee and disciplinary board, we have held the manifest error standard is applicable to the committee’s factual findings. See In re: Caulfield, 96-1401 (La.11/25/96), 683 So.2d 714; In re: Pardue, 93-2865 (La.3/11/94), 633 So.2d 150.
We find the record supports the hearing committee’s factual findings, and that respondent violated the Rules of Professional Conduct as alleged in the formal charges. Respondent filed repetitive and unwarranted pleadings in ongoing litigation. He also made frivolous and harassing claims for discovery against third persons not involved in the litigation.
Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In considering that issue, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed *677 depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
1 ^Respondent knowingly violated a duty owed to the legal system, causing significant harm to the federal courts as well as others. The baseline sanction for this misconduct is suspension.
The aggravating and mitigating factors found by the board are supported by the record. The record also supports the mitigating factor of delay in the disciplinary proceedings.[4] Under all the circumstances, we find the sanction proposed by the disciplinary board is responsive to the misconduct and is consistent with our prior jurisprudence.
Accordingly, we will suspend respondent from the practice of law for a period of three years, with all but eighteen months deferred, subject to the condition that any future misconduct may be grounds for making the deferred portion of the suspension executory or imposing additional discipline, as appropriate.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that Richard B. Cook, Louisiana Bar Roll number 21248, be suspended from the practice of law for three years. It is further ordered that all but eighteen months of the suspension shall be deferred, subject to the condition that any future misconduct may be grounds for making the deferred portion of the suspension executory or for imposing additional discipline, as appropriate. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. In his answer, respondent continued to insist that Judge Little engaged in misconduct. Therefore, because his allegations of misconduct against Judge Little were truthful, respondent argued that he himself did not engage in any misconduct.

. Ms. Bowers testified that respondent engaged in "almost constant warfare with the judge” during the case. Respondent also filed redundant pleadings, raising the same issues over and over again, which had to be responded to and ruled on each time, making the case go on longer than normal. Since she billed by the hour, respondent's redundant pleadings caused her to bill her clients two to three times more in attorney's fees than normal. While she felt that respondent had the "best of intentions,” she also felt he "stepped over the line,” was "misguided,” and "got carried away about the judge.”

. Mr. Rabalais testified that respondent filed redundant pleadings and began to focus more on Judge Little, making "outlandish” accusations against the judge, which diverted time and attention away from the merits of the case. Mr. Rabalais also testified that he had to bill his clients for the time he spent on the redundant issues. Finally, he testified that the case was concluded approximately six months after respondent was dismissed.

. Respondent self-reported his June 30, 2000 suspension from the federal court on August 10, 2000; nevertheless, the ODC delayed filing formal charges for almost four years.